Michael W. Flanigan
FLANIGAN & BATAILLE
1007 W. 3rd Ave., Ste. 206
Anchorage, Alaska, 99501
Telephone: (907)-279-9999
Facsimile: (907) 258-3804
E-Mail: mflanigan@farnorthlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TINA ERVIN AS MOTHER OF A.E., A MINOR,<br><br>                     Plaintiff,<br><br>  vs.<br><br>EVENFLO COMPANY, INC., TOYOTA MOTOR CORPORATION, and TOYOTA MOTOR SALES, U.S.A., INC.<br><br>                  Defendants. | Case No. 3:14-cv-234-SLG<br><br>**PLAINTIFF'S OPPOSITION TO EVENFLO'S MOTION FOR ADDITIONAL TIME TO DEPOSE CARLY WARD** |

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999 Fax 907-258-3804

Comes Now, Plaintiff, by and through counsel and opposes Defendant's Motion

for additional time to depose Plaintiff's expert biomechanical engineer, Carly Ward,

Ph.D a second time, beyond the seven hour limitation that the parties agreed to and the

Court ordered.

The parties joint planning and scheduling conference report dated 6/17/16 (Doc.

59) which was the result of a meeting of all counsel, specified that "the limitations on

discovery contained in Fed. R. Civ. P. 26(b), 30 and 33 will apply…" (Doc. 59, pg. 4,

*Pl's Opp to Motion for Additional Time to Depose Dr. Ward*
*Ervin v Evenflo, et. al.;* Case No. 3:14-cv-234(SLG)      PAGE 1 OF 7
Case 3:14-cv-00234-SLG   Document 123   Filed 06/06/18   Page 1 of 7

paragraph I(1). This Court, based on that report, issued a Trial Setting Order on 6/20/16 reflecting the limitations on depositions the parties had agreed upon. (Doc. 61, page 4, paragraph H(1)). More recently, on 1/12/18, the trial setting order was modified to move certain trial preparation deadlines and the trial date in this case. (Doc. 112). That order explicitly stated that previous stipulations of the parties and orders of the court, that did not conflict with the 1/12/18 Pretrial Order, remained in in effect. (Doc. 112, page 4). The limitation on depositions, pursuant to FRCP 30, that all the parties agreed upon, which the Court adopted in its 6/20/16 Trial Setting Order, which still remains in effect pursuant to this Court's 1/12/18 Trial Setting Order, is that depositions shall not last more than one day of 7 hours:

> (d) DURATION; SANCTION; MOTION TO TERMINATE OR LIMIT.
>
> (1) *Duration.* Unless otherwise stipulated or ordered by the court, a deposition is limited to **1 day of 7 h.ours**. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.(emphasis added)

The defendants already deposed Plaintiff's biomechanical expert, Dr. Carly Ward, on 12/15/17 from 9:04 am to 3:57 p.m. in Phoenix, Arizona. (Doc 120-3 at pages 1 and 262). The defendant's motion does not claim that anyone impeded or delayed the examination. Rather the defendant's motion is based on a self- created dilemma. The 6/20/16 Pre-trial Order provided for a staggered exchange of expert reports. The Plaintiffs were due 30 plus days before the Defendants' expert reports, with rebuttal

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999  Fax 907-258-3804

*Pl's Opp to Motion for Additional Time to Depose Dr. Ward*
*Ervin v Evenflo, et. al.;* Case No. 3:14-cv-234(SLG)          PAGE 2 OF 7
Case 3:14-cv-00234-SLG   Document 123   Filed 06/06/18   Page 2 of 7

reports due 30 days following the report that was being rebutted. (Doc. 61, pg. 3, paragraph D). The deadline for deposing experts was to be concluded within 90 days of the defendants' expert reports. (Doc. 61, page 4, paragraph G).

The normal process is to conduct depositions of experts following the receipt of all expert reports. But that is not what the Defendants chose to do. They insisted on taking Dr. Ward's deposition before the defendant's liability expert reports were due and spent one day of seven hours taking her deposition. Plaintiff was not in a position to object to that decision by the Defendants since no rule or provision in the Trial Setting Order precluded that choice by the Defendants. But the Defendants' counsel was well aware that by doing so, they would be using up the one day-seven hours limitation on her deposition that they had agreed to in the Planning and Scheduling Report that was adopted in the Trial Setting Order.

Defendant's liability experts then had both Dr. Ward's deposition and her report to utilize in preparing their own expert reports. Obviously the defendants counsel thought taking Dr. Ward's deposition before the defendants' expert reports were due and thus before any rebuttal reports were due was advantageous to their position and thus made a strategic decision to use the one day of seven hours limitation at that time.

However, having made that strategic decision for whatever reason, they now want the court to change the deposition limitation rules solely for their benefit so that

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999 Fax 907-258-3804

*Pl's Opp to Motion for Additional Time to Depose Dr. Ward*
*Ervin v Evenflo, et. al.;* Case No. 3:14-cv-234(SLG)          PAGE 3 OF 7

they will not be bound by their decision to depose Dr. Ward before any defense expert reports or rebuttal reports were exchanged.

The defendants' request to change the "rules of the case", is manifestly unfair because it comes at the end of discovery in this case, after the Plaintiff has abided by the same rules regarding the 30(b)(6) depositions of the defendants.

The defendants claim that they need to depose Dr. Ward because of matters addressed in her rebuttal report. But that is a self-inflicted problem. The defendants could have just as easily waited until all of the expert reports were exchanged and then took Dr. Ward's deposition.

Based on the Defendant's logic, the Plaintiff should be allowed to depose anyone else in the case, including re-taking the Defendants' 30(b)(6) depositions because of the issues raised in the defendant's expert reports. Using the same logic as the Defendants, the Plaintiff's should be allowed to do so because he never got to ask the Defendants, in their corporate depositions, about the issues and evidence discussed in the defendant's expert reports.

The whole point of limitations and deadlines goes out the window if a party can create their own discovery dilemma by knowingly taking depositions prematurely and then using their own strategic decisions as the basis for re-deposing a witness.

But the defendant argues that it should be allowed to gain this unfair advantage because of the following language contained in FRCP 30(D):

*Pl's Opp to Motion for Additional Time to Depose Dr. Ward*
*Ervin v Evenflo, et. al.;* Case No. 3:14-cv-234(SLG)          PAGE 4 OF 7

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999  Fax 907-258-3804

The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent.

The key phrase in this sentence are: "if needed to fairly examine the deponent". Applying that language to the facts of this matter, the question to be answered by the Court is whether the defendants need an additional day and hours to "fairly examine" Dr. Ward, when they knowingly chose to depose her before defendants expert reports were exchanged and thus before she would have issued her rebuttal report, which would have been expected given the parties agreement to allow a rebuttal report in the Pre-Trial Order.

Unless otherwise ordered by the court or stipulated by the parties, a deposition is presumptively limited to one day of seven hours, *FinJan, Inc. v ProofPoint*, Inc., 3:13-cv-05808-HSG(10/26/15)(at page 3)(attached as Exhibit 1)(denying motion to extend time for deposition). The party seeking an extension of time beyond seven hours bears the burden of demonstrating good cause to justify the extension, *Garcia v City of San Diego*, Case No.: 15cv189-JLS-NLS (9/17/17), (at page 2)(attached as Exhibit 2)(denying motion to extend time for a deposition). Rule 26(b) instructs courts to limit discovery where the party seeking the discovery has ample opportunity to obtain the information by discovery in the action , where the proposed discovery is unreasonably cumulative or duplicative, *Garcia v City of San Diego*, Case No.: 15cv189-JLS-NLS)(9/7/17)(at page 2).

*Pl's Opp to Motion for Additional Time to Depose Dr. Ward*
*Ervin v Evenflo, et. al.;* Case No. 3:14-cv-234(SLG)           PAGE 5 OF 7

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999  Fax 907-258-3804

In this case, the Defendants have not shown they are entitled to the relief they request based on the fact that they created their own dilemma and now want the court to rescue them from their own choice to take Dr. Ward's deposition prematurely. The Court is respectfully requested to deny the Defendant's motion.

DATED THIS 5th DAY OF JUNE, 2018

> FLANGAN & BATAILLE
> ATTORNEYS FOR PLAINTIFF
>
> /s/ Michael W. Flanigan, ABN 7710114
> FLANIGAN & BATAILLE
> 1007 W. 3rd Ave., Ste. 206
> Anchorage, Alaska, 99501
> Telephone: (907)-279-9999
> Facsimile: (907) 258-3804
> E-Mail: mflanigan@farnorthlaw.com

CERTIFICATE OF SERVICE
This is to certify that a true and correct copy of
*Pl's Opp to Motion for Additional Time to Depose Dr. Ward*
was served by the Court's ECM system on June
5, 2018, on:

John B. Thorsness
CLAPP, PETERSON, TIEMESSEN, THORSNESS & JOHNSON, LLC
711 H Street, Suite 620
Anchorage, AK 99501

James Halbrooks
BOWMAN and BROOKE LLP
150 South Fifth Street, Suite 3000
Minneapolis, Minnesota 55402

*Pl's Opp to Motion for Additional Time to Depose Dr. Ward*
*Ervin v Evenflo, et. al.;* Case No. 3:14-cv-234(SLG)     PAGE 6 OF 7
Case 3:14-cv-00234-SLG   Document 123   Filed 06/06/18   Page 6 of 7

FLANIGAN & BATAILLE
1007 West 3rd Ave, Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999  Fax 907-258-3804

Suzanne Swaner
BOWMAN and BROOKE LLP
2501 North Harwood Street, Suite 1700
Dallas, Texas 75201

Steven S. Tervooren
HUGHES GORSKI SEEDORF ODSEN
& TERVOOREN, LLC
1029 W. 3rd Ave., Suite 110
Anchorage, Alaska 99501

_s/ Michael W. Flanigan_____
 FLANIGAN & BATAILLE

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999  Fax 907-258-3804

*Pl's Opp to Motion for Additional Time to Depose Dr. Ward*
*Ervin v Evenflo, et. al.;* Case No. 3:14-cv-234(SLG)          PAGE 7 OF 7