John B. Thorsness
J. Taylor Rounds
Clapp, Peterson, Tiemessen,
　Thorsness & Johnson, LLC
711 H Street, Suite 620
Anchorage, AK 99501
(907) 272-9272 – phone
(907) 272-9586 – fax
usdc-anch-ntc@cplawak.com
Attorneys for Defendant
Evenflo Company, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| TINA ERVIN, as mother of and on behalf of A.H.E., a minor,<br><br>　　Plaintiff,<br><br>　　v.<br><br>EVENFLO COMPANY, INC.; TOYOTA MOTOR CORPORATION; TOYOTA MOTOR SALES, U.S.A.,<br><br>　　Defendants. | Case No. 3:14-cv-00234-SLG |

**<u>DEFENDANTS' JOINT REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR ADDITIONAL TIME TO DEPOSE PLAINTIFF'S EXPERT CARLEY WARD</u>**

Defendant Evenflo Company, Inc. (hereinafter "Evenflo") and Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A. (hereinafter "Toyota"), by and through their counsel of record, hereby reply to Plaintiff's Opposition to Defendants' Joint Motion for Additional Time to Depose Plaintiff's Expert Carley Ward.

Defendants' Joint Reply to Plaintiff's Opposition to Motion for Additional Time to Depose Plaintiff's Expert Carley Ward
*Ervin v. Evenflo Company, Inc.,* Case No. 3:14-cv-00234-SLG
Page 1 of 6
Case 3:14-cv-00234-SLG　Document 124　Filed 06/08/18　Page 1 of 6

# I. The Sole Issue Before the Court is the Length of Dr. Ward's Deposition

Plaintiff agrees that Dr. Ward may be deposed regarding the opinions and information contained in her rebuttal report. The sole issue before the Court is the length of the deposition.

# II. Plaintiff Does Not Dispute the Foundational Elements of Defendants' Motion

Plaintiff does not dispute that (a) Dr. Ward's "rebuttal report" contains additional information and new opinions which were not disclosed in her initial report, (b) neither Evenflo nor Toyota had an opportunity to examine Dr. Ward regarding these new opinions, or (c) 1 hour and 17 minutes is insufficient for *both* Evenflo and Toyota to fairly examine Dr. Ward as to the new material in her "rebuttal report." Plaintiff doggedly relies on the presumptive time limit in Rule 30(d)(1) and argues that Defendants have somehow "created their own dilemma" by "prematurely" deposing Dr. Ward.[1]

# III. Counsel's Claim Notwithstanding, "Normal Process" is to Follow the Civil Rules and Decisional Authority

Contrary to Plaintiff's argument, Defendants were not required to wait to depose Plaintiff's experts until all initial and rebuttal expert reports were exchanged.[2] Indeed, the purpose of staggered expert report deadlines is to

---

[1] Likewise, Plaintiff quotes but ignores the salient language that follows the 7 hour limit, which provides for "additional time … if needed to fairly examine the deponent …."

[2] With all due respect, counsel is "playing the old lawyer card" which seasoned trial lawyers such as Mr. Flanigan sometimes use to buttress assertions that do not have support in the Civil Rules or case law.

Defendants' Joint Reply to Plaintiff's Opposition to Motion for Additional Time to Depose Plaintiff's Expert Carley Ward
*Ervin v. Evenflo Company, Inc.,* Case No. 3:14-cv-00234-SLG
Page 2 of 6

**Clapp, Peterson, Tiemessen, Thorsness & Johnson, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

promote efficiency, eliminate "guess work" and otherwise focus the opinions of Defendants' experts before they submit their reports.[3]

Dr. Ward has submitted a "rebuttal report" that contains new opinions and information. If Defendants are not given a reasonable amount of time to examine her concerning this new information, the reason for staggered reports and Rule 26's fundamental purpose of avoiding surprise at trial (and encouraging pre-trial resolution) will be thwarted.

## IV. <u>The Advisory Committee Anticipated the Very Situation Presented Here</u>

Further, Plaintiff ignores the fact that Evenflo and Toyota are separate parties defending against distinct claims, impugning the design and performance of wholly different products. *Both* Evenflo and Toyota must have a chance to "fairly examine" Dr. Ward regarding her new opinions in this matter. Indeed, the Advisory Committee Notes to Civil Rule 30 recognize that "[i]n multi-party cases, the need for each party to examine the witness may warrant additional time …." This comment is particularly relevant as it applies to the deposition of Plaintiff's primary liability expert, Dr. Ward. She offers opinions on multiple subjects, on a variety of different disciplines, which are independently critical of both Evenflo and Toyota. While Defendants will studiously avoid duplicative questioning, Evenflo and Toyota cannot both adequately examine Dr. Ward as to her new opinions in only 1 hour and 17 minutes.

---

[3] Plaintiff did not object to staggered deadlines.

Defendants' Joint Reply to Plaintiff's Opposition to Motion for Additional Time to Depose Plaintiff's Expert Carley Ward
*Ervin v. Evenflo Company, Inc.,* Case No. 3:14-cv-00234-SLG
Page 3 of 6

**Clapp, Peterson, Tiemessen, Thorsness & Johnson, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

## V. **Plaintiff Does Not Complain of Material Prejudice**

Plaintiff has not made any showing that she will be prejudiced by allowing Defendants additional time to depose Dr. Ward. Indeed, Plaintiff's counsel will certainly attend the deposition regardless of its length, and Defendants have agreed to compensate Dr. Ward at her normal hourly rate. A few additional hours will not prejudice Plaintiff.

## VI. **Plaintiff's "Floodgates" Argument is Unpersuasive**

Finally, Plaintiff's argument about retaking Defendants' 30(b)(6) depositions is a "red herring." 30(b)(6) witnesses testify to *facts* pertaining to specific categories. They do not render opinions and submit reports. Had the Defendants' 30 (b)(6) witnesses materially changed or supplemented their factual testimony in correction sheets, Plaintiff would have grounds to examine them in a follow-up deposition, regardless of how much "on record" time was expended in the first deposition. Unlike with Dr. Ward, this did not occur.

## VII. **Conclusion**

Defendants do not seek to "re-depose" Dr. Ward, as Plaintiff states. Instead, Defendants request additional time to depose Dr. Ward on *new* opinions and *new* information contained in her "rebuttal report." As set forth in Defendants' motion, good cause exists to allow Defendants to depose Dr. Ward for an additional 3.5 hours regarding her "rebuttal report." Plaintiff has failed to articulate a legitimate reason for refusing to allow this additional time. Accordingly, Defendants' motion should be granted.

Defendants' Joint Reply to Plaintiff's Opposition to Motion for Additional Time to Depose Plaintiff's Expert Carley Ward
*Ervin v.Evenflo Company, Inc.,* Case No. 3:14-cv-00234-SLG
Page 4 of 6

Case 3:14-cv-00234-SLG   Document 124   Filed 06/08/18   Page 4 of 6

**Clapp, Peterson, Tiemessen, Thorsness & Johnson, LLC**
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

DATED at Anchorage, Alaska, this 8th day of June, 2018.

        CLAPP, PETERSON, TIEMESSEN,
        THORSNESS & JOHNSON LLC
        Attorneys for Defendant Evenflo Company, Inc.

        By /s/ John B. Thorsness
           John B. Thorsness, ABA No. 8211154

DATED at Anchorage, Alaska, this 8th day of June, 2018.

        HUGHES WHITE COLBO WILCOX
        & TERVOOREN, LLC
        Attorneys for Defendants
        Toyota Motor Sales, U.S.A., Inc. and
        Toyota Motor Corporation

        By /s/ Steven S. Tervooren  (consent)
           ABA No. 7910085

Clapp, Peterson, Tiemessen,
Thorsness & Johnson, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Defendants' Joint Reply to Plaintiff's Opposition to Motion for Additional Time to Depose Plaintiff's Expert Carley Ward
*Ervin v. Evenflo Company, Inc.,* Case No. 3:14-cv-00234-SLG
Page 5 of 6
Case 3:14-cv-00234-SLG   Document 124   Filed 06/08/18   Page 5 of 6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June, 2018, a copy of the foregoing document was served electronically through the ECF system on:

Michael W. Flanigan, Esq.
mflanigan@farnorthlaw.com
jrasor@farnorthlaw.com

Steven S. Tervooren, Esq.
stervooren@hugheswhite.com
aprice@hugheswhite.com

James W. Halbrooks, Jr.
james.halbrooks@bowmanandbrooke.com
carol.dorsa@bowmanandbrooke.com
cheryl.pedrolie@bowmanandbrooke.com

Suzanne H. Swaner, Esq.
suzanne.swaner@bowmanandbrooke.com
kathy.dobbs@bowmanandbrooke.com


By: /s/ John B. Thorsness

Defendants' Joint Reply to Plaintiff's Opposition to Motion for Additional Time to Depose Plaintiff's Expert Carley Ward
*Ervin v. Evenflo Company, Inc.,* Case No. 3:14-cv-00234-SLG
Page 6 of 6